JURY TRIAL DEMANDED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICK A. FOGERTY,                )
                                   )
            Plaintiff,             )
                                   )
vs.                                )
                                   )    No.
QUIKTRIP CORPORATION,              )
                                   )
            Defendant.             )
                                   )
                                   )

## NOTICE OF REMOVAL

For its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rules 2.02 and 2.03, Defendant QuikTrip Corporation ("QT"), states as follows:

1.       On October 8, 2020, Plaintiff Patrick A. Fogerty ("Plaintiff") filed a Petition commencing a civil action against QT in the Circuit Court of St. Louis County, Missouri, captioned *Patrick A. Fogerty vs. QuikTrip Corporation*, Case No. 20SL-CC05124 (the "underlying action").

2.       A copy of the Petition in the underlying action, along with all process, pleadings, orders, and other documents on file in the Circuit Court of St. Louis County, Missouri, are attached to and incorporated by reference in this Notice as Exhibit A.

3.       Plaintiff claims that he fell at a QT location due to water on the floor on or about September 2, 2020. Plaintiff contends that QT caused and knew about the unsafe condition of the wet floor allegedly present where Plaintiff fell, and that QT failed to use ordinary care to remove the unsafe condition. *See* Ex. A, Pet. ¶¶ 5-7.

4.       The underlying action is a civil action as to which this Court has original jurisdiction under 28 U.S.C. § 1332 and is removable to this Court pursuant to 28 U.S.C. § 1441

because (1) Plaintiff's claims are wholly of a civil nature, and there is complete diversity of citizenship between Plaintiff and QT, (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (3) all other requirements for removal have been satisfied.

## I.      VENUE AND JURISDICTION

5.      The United States District Court for the Eastern District of Missouri is the appropriate Court for the filing of this Notice of Removal, and venue in the Eastern Division is proper pursuant to 28 U.S.C. § 105(a)(1) and E.D.Mo. L.R. 2.07(A)(1), as the underlying action originated in the Circuit Court of St. Louis County, Missouri, which is embraced by the Eastern District and located within the Eastern Division.

6.      Venue is also appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events alleged in Plaintiff's Petition are alleged to have occurred in this District. See Ex. A, Pet. ¶ 4.

## II.     THERE IS COMPLETE DIVERSITY BETWEEN PLAINTIFF AND QT

7.      Upon information and belief, Plaintiff is a citizen and resident of the State of Missouri. *See* Ex. A, Pet. ¶ 1.

8.      QuikTrip Corporation is a citizen of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma.

9.      Accordingly, there is complete diversity of citizenship between Plaintiff and QT. *See* 28 U.S.C. § 1332(a).

## III.    THE AMOUNT IN CONTROVERSY IS SATISFIED

10.     Plaintiff's Petition does not allege a specific monetary amount he seeks for damages. Plaintiff's initial pleading demands only an unspecified amount of damages in excess of $25,000. *See* Ex. A, Pet. p. 2.

11.     QT served its First Set of Interrogatories on Plaintiff on November 30, 2020. Plaintiff answered on December 28, 2020.  In response to QT's Interrogatory asking whether Plaintiff seeks more than $75,000 in this lawsuit, Plaintiff responded "Yes."  *See* Plaintiff's Answers to Defendant QuikTrip Corporation's First Set of Interrogatories, No. 2, attached hereto as Exhibit B.

## IV.     OTHER REQUIREMENTS

### A.     QT's Removal is Timely

12.     Plaintiff's December 28, 2020 discovery responses are the first time any pleading, motion, order or other paper contained information from which it may be first ascertained that the case is one which is or has become removable.

13.     Accordingly, this Notice of Removal is being filed within 30 days after receipt by QT of an "other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. §1446(b)(3).  *See Hesser v. Home Depot U.S.A., Inc.*, 2013 WL 1914435, at *2-3 (E.D. Mo. 2013) (where Petition is silent on damages, 30-day clock under §1441(b)(1) does not run; removal is timely within 30-days of defendant first learning amount in controversy is satisfied under §1441(b)(3)); *Phillips v. Lieffring*, 2017 WL 354289, at *1-2 (W.D. Mo. 2017) (30-day removal clock started when discovery answers, for the first time, revealed the amount in controversy exceeded $75,000).

14.     This Notice complies with the general rule under 28 U.S.C. § 1446(c) that notice of removal be filed not more than one (1) year after commencement of the action.

### B.     All Other Predicates for Removal Are Satisfied

15.     The action is not an action described in 28 U.S.C. § 1445.

16.     Written notice of the filing of this Notice of Removal will be promptly given to Plaintiff, as required by 28 U.S.C. § 1446(d).

17.     Written notice of the filing of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

18.     No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

19.     By filing this Notice, QT does not waive any of its affirmative defenses, including but not limited to its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that, in the event Plaintiff seeks to remand this case or the Court considers remand, *sua sponte*, QT requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, QuikTrip Corporation prays that the above captioned case pending in the Circuit Court of St. Louis County, Missouri, be removed to this federal court for further proceedings based on diversity of citizenship jurisdiction, that this court take jurisdiction herein, and for any other and further relief as this court deems just and proper.

4

Respectfully submitted,

ARMSTRONG TEASDALE LLP


By: */s/ Matthew J. Reh*
    Matthew J. Reh, #49418 MO
    Katherine Ricks, #70322 MO
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    Telephone:  314.621.5070
    Fax:  314.621.5065
    mreh@atllp.com
    kricks@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION


## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2021, the foregoing was filed electronically with the Clerk of Court and will be served by mail, email, and by operation of the Court's electronic filing system upon the following:

Robert J. Radice
HORAS, RADICE & ASSOCIATES, LLC
2123 Marconi Avenue
St. Louis, MO 63110
(314) 241-4505
(314) 241-7779 Fax
bradice@HRmidwestlaw.com

ATTORNEYS FOR PLAINTIFF

*/s/ Matthew J. Reh*