UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK A. FOGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.  4:21-cv-00060-HEA |
| QUIKTRIP CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### DEFENDANT QUIKTRIP CORPORATION'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant QuikTrip Corporation ("QT"), by and through counsel, for its Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment, states as follows:

1.     Plaintiff alleges that he slipped and fell (the "Incident") at a QT store (the "QT Store") located at 4450 Meramec Bottom Road in St. Louis, Missouri on September 2, 2020 at 12:51 p.m. *See Plaintiff's Amended Complaint; and* Plaintiff's Deposition, attached hereto as Exhibit 1, 4:21-25; 36:9-18; 47:2-6.

2.     Plaintiff exited a car at the QT store prior to the Incident and saw water on the sidewalk, which is depicted in the photo marked as Exhibit B at Plaintiff's Deposition. *See* Ex. 1, 44:8-10; 48:4-5; 59:18-60:10; and attached Exhibit B from Plaintiff's Deposition.

3.     Plaintiff walked across the sidewalk slowly. *See* Ex. 1, 44:8-10.

4.     Plaintiff used extra caution while walking on the sidewalk because he noticed the ground was wet and he knew that wet surfaces could cause him to lose his balance. *See* Ex. 1, 48: 7-13.

5.      Plaintiff looked down at the ground as he was walking into the QT Store. *See* Ex. 1, 61:7-19.

6.      When Plaintiff walked into the Store, he noticed an entry mat, which is depicted in the photo marked as Exhibit C at Plaintiff's deposition. *See* Ex. 1, 46:7-17; 63:22-64:13; 65:12-16; and attached Exhibit C from Plaintiff's Deposition.

7.      A yellow triangular sign is also depicted in the photo marked as Exhibit C and this sign is directly in the path where Plaintiff was walking into the QT Store. *See* Ex. 1, 64:14-20; 66:17-20; and attached Exhibit C from Plaintiff's Deposition.

8.      When Plaintiff opened the door to the QT Store, he saw the entry mat on the floor was wet. *See* Ex. 1, 62:10-13.

9.      Before the Incident, Plaintiff noticed liquid on the entry mat and the floor in the QT Store. *See* Ex. 1, 67:25-68:7; 69:3-4; 18-21.

10.     Plaintiff walked over the entry mat when he walked into the QT Store. *See* Ex. 1, 46:7-17.

11.     Before Plaintiff stepped off the entry mat onto the tile portion of the floor, and before Plaintiff fell, there was liquid "kind of everywhere." *See* Ex. 1, 70:20-71:7.

12.     As Plaintiff walked across the entry mat inside the QT store, and just as he was stepping off onto the tile portion of the floor, his feet slipped. *See* Ex. 1, 75: 7-12.

ARMSTRONG TEASDALE LLP


By:    _/s/ Corey A.-T. Stegeman_____
      Matthew J. Reh             #49418
      Corey A.-T. Stegeman    #66828
      7700 Forsyth Blvd., Suite 1800
      St. Louis, Missouri 63105
      314.621.5070
      314.621.5065 (facsimile)
      mreh@atllp.com
      cstegeman@atllp.com

      ATTORNEYS FOR DEFENDANT QUIKTRIP
      CORPORATION

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th of March, 2022, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

/s/ Corey A.-T. Stegeman
Attorney for Defendant
