UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK A. FOGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 4:21-cv-00060-HEA |
| QUIKTRIP CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT QUIKTRIP CORPORATION'S SUGGESTIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant QuikTrip Corporation ("QT"), by and through counsel, for its Suggestions in Support of its Motion for Summary Judgment, states as follows:

### I. BACKGROUND

QT is entitled to summary judgment on Counts I and II of Plaintiff's two-count Amended Complaint alleging premises liability. Plaintiff cannot demonstrate a duty owed to him by QT because the condition was open and obvious and he knew of the existence of the water, both outside the store and inside the store on the entry mat and floor where he fell, prior to his fall. As a result, Plaintiff fails to demonstrate genuine issues of material fact as to each of the elements of his cause of action. Summary judgment in favor of QT is therefore necessary and proper.

### II. BACKGROUND FACTS

Plaintiff alleges that he slipped and fell at a QT store located at 4450 Meramec Bottom Road in St. Louis, Missouri on September 2, 2020 at 12:51 p.m. *Defendant QuikTrip Corporation's Statement of Uncontroverted Material Facts in Support of Motion for Summary Judgment* ("SUF") ¶ 1. Plaintiff, however, admitted that, prior to falling, he was aware the area

outside the store was wet. SUF ¶ 2. Additionally, Plaintiff admitted that, prior to falling, he saw water inside the store on the entry mat and floor where he fell. SUF ¶¶ 8-9.

### III.   LEGAL STANDARD FOR SUMMARY JUDGMENT

A court should grant summary judgment "'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 319, 322 (1985). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses;" thus, the Supreme Court has explained that Federal Rule of Civil Procedure 56 "should be interpreted in a way that allows it to accomplish this purpose." *Id*. at 323-24. As the Court explained, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

The evidence conclusively establishes that Plaintiff cannot establish QT owed him any duty, given his admission that the condition of water both outside the store and inside the store on the entry mat and floor where he fell were open and obvious. Accordingly, Plaintiff cannot establish all requisite elements for either of the counts contained in his two-count premises liability action. The Court should grant QT's Motion for Summary Judgment.

### IV.   ARGUMENT

QT is entitled to summary judgment because the uncontroverted facts negate the elements of Plaintiff's claims in his Amended Complaint. Plaintiff's two-count Amended Complaint asserts a premises liability theory that QT failed to use ordinary care or was negligent in failing to remove the unsafe conditions of water on the ground outside the QT Store, which caused the

bottom of Plaintiff's shoe to be wet, and water on the floor in the QT Store. *See Plaintiff's Amended Complaint*, filed on March 11, 2021 at ¶¶ 5-7; 9-11. Plaintiff asserts that he was a business invitee that slipped and fell due to the presence of such water. *Id.*

> In a premises liability action, a plaintiff
>
> > must show: (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff sustained injuries as a result of such condition.

*Steward v. Baywood Villages Condo. Ass'n*, 134 S.W.3d 679, 682 (Mo. App. E.D. 2004). Additionally, "[t]he particular standard of care that society recognizes as applicable under a given set of facts is a question of law for the courts." *Harris v. Niehaus*, 857 S.W.2d 222, 225 (Mo. 1993) (reversing judgment for plaintiff and finding that the dangerous condition was open and obvious as a matter of law). "The Court will not submit a case to the jury where no evidence exists to support a finding that defendant's conduct fell below the identified standard of care." *Id.* "[A] possessor's actions do not fall below the applicable standard of care if the possessor fails to protect invitees against conditions that are open and obvious as a matter of law." *Id.* at 226. This is because "[a] possessor of land is not an absolute insurer of the well-being of its invitees." *Id.* Rather, Missouri Courts have consistently held that "a possessor of land is entitled to expect that its invitees will exercise ordinary perception, intelligence, and judgment to discover open and obvious conditions, appreciate the risk these conditions present, and take the minimal steps necessary to avert a tragedy. *Holzhausen v. Bi-State Dev. Agency*, 414 S.W.3d 488, 494-95 (Mo. App. E.D. 2013) (affirming summary judgment for defendant because danger was open and obvious) (citing *Harris*, 875 S.W.2d at 226).

3

Summary judgment is proper here because Plaintiff cannot demonstrate a genuine issue of material fact as to a duty owed and violation thereof by QT because Plaintiff knew that the water was present prior to his fall.

**A.     SUMMARY JUDGMENT IS PROPER BECAUSE PLAINTIFF FAILS TO DEMONSTRATE A DUTY OWED TO HIM IN THAT HE KNEW THAT WATER WAS PRESENT PRIOR TO HIS FALL.**

QT is entitled to summary judgment because Plaintiff cannot establish a breach of duty by QT due to his pre-existing knowledge of the water both outside the store and inside the store on the entry mat and floor, where he fell, prior to his fall. In a premises liability action, "when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does *not* breach the standard of care owed to invitees 'unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Harris*, 857 S.W.2d at 226 (quoting Restatement (Second) of Torts, § 343A(1) (1965)) (emphasis in original). Here, it is uncontroverted that the water where Plaintiff fell was open and obvious. *See* SUF at ¶¶ 2; 8-9; 11 (Plaintiff saw water on the sidewalk, entry mat and floor prior to his fall). Furthermore, Plaintiff cannot establish an exception to the open and obvious standard. As a result, summary judgment is proper.

**1.     The Water Was Open and Obvious and Appreciated by Plaintiff.**

In *Harris*, the Missouri Supreme Court in approving the Restatement's standard explained that "where the danger is open and obvious as a matter of law and the risk of harm exists only if the plaintiff fails to exercise due care, the case is not submissible to the jury…." *Harris*, 857 S.W.2d at 227. *See also Heffernan v. Reinhold*, 73 S.W.3d 659, 666 (Mo. App. E.D. 2002) (affirming summary judgment to defendant because the plaintiff "himself appreciated the danger involved"); *Seymour v. Lakewood Hills Ass'n*, 927 S.W.2d 405, 411 (Mo. App. E.D.

4

1996) (affirming summary judgment for defendant because the plaintiffs stated they were both aware of the tree that they crashed into, and "trees are sufficiently common that a reasonable person could be expected to recognize the danger of striking a tree with a vehicle."); *Lammert v. Lesco Auto Sales*, 936 S.W.2d 846, 851 (Mo. App. E.D. 1996) (affirming summary judgment for defendant because plaintiff admitted that he knew of the danger prior to the accident); *Murphy v. Otis Elevator Co.*, 120 F.3d 151, 152 (8th Cir. 1997) (applying Missouri law and affirming summary judgment for defendant because plaintiff admitted that he was aware of the condition that injured him).

Here, Plaintiff admitted that he knew before he entered QT's store that water was present both outside the store on the sidewalk and inside the store on the entry mat and floor, where he fell, prior to his fall. SUF at ¶¶ 2; 8-9; 11. Indeed, Plaintiff was not only aware of water but was also aware that the presence of such water could cause him to slip and fall. SUF ¶ 4. The presence of water outside the store and inside the store on the entry mat and floor where Plaintiff fell was so open and obvious that not only *should* Plaintiff have reasonably been expected to discover it and realize the danger, but Plaintiff, in fact, *did* discover it and realized the danger. Therefore, QT did not violate any duty owed to Plaintiff as a matter of law. Plaintiff's knowledge of the water on the floor precludes a finding of any duty owed by QT to him.

### 2. Plaintiff Neither Pled Nor Adduced Evidence Supporting an Exception to the Open and Obvious Standard.

QT acknowledges that a land possessor may owe a duty despite the open and obvious danger of the premises if it nonetheless anticipates the risk of harm despite an invitee's exercise of ordinary care. *See, e.g., Hellmann v. Droege's Super Mkt., Inc.*, 943 S.W.2d 655, 659 (Mo. App. E.D. 1997) (holding that evidence that an employee treated the ice and escorted the plaintiff to her vehicle prior to her fall indicated that the store anticipated harm to plaintiff despite her

5

exercise of ordinary care). The Missouri Supreme Court held, however, that anticipation of the harm is an exception that is the Plaintiff's burden to prove. *Harris*, 857 S.W.2d at 227. For instance, in *Harris* the plaintiff argued that the adoption of comparative fault requires such issues to be submitted to a jury. *Id.* The Court rejected that contention because "[q]uite simply, where the danger is open and obvious as a matter of law and the risk of harm exists only if the plaintiff fails to exercise due care, the case is not submissible to the jury." *Id.*

Missouri federal courts have recognized on multiple occasions that a plaintiff must adduce facts supporting an exception to the open and obvious standard. *See Crow v. Kansas City Power & Light Co.*, 174 S.W.3d 523, 538-39 (Mo. App. W.D. 2005) (affirming summary judgment where danger was open and obvious and plaintiff failed to establish that the defendant should have nonetheless been unable to protect himself); *Huxoll v. McAlister's Body & Frame, Inc.*, 129 S.W.3d 33, 36 (Mo. App. W.D. 2004) (affirming summary judgment because the plaintiff observed metal scraps which posed an open and obvious danger and failed to explain why he could not avoid the danger by simply asking an employee to clear the way).

Here, Plaintiff neither pled nor adduced any facts that would support a contention that QT still owed a duty to Plaintiff despite the open and obvious danger of the water and Plaintiff's awareness of the risk. He did not ask an employee for help traversing the wet areas both outside the store and inside the store on the entry mat and floor where he ultimately fell.

He has not established any exception to the open and obvious standard that precludes finding QT owed him any duty under these circumstances. Accordingly, there is no genuine issue of material fact and QT owed no duty to Plaintiff. Summary judgment in QT's favor is proper.

6

**CONCLUSION**

Summary judgment is proper for because Plaintiff knew of the existence of the water prior to his fall which was open and obvious. As a result, Plaintiff cannot demonstrate genuine issues of material fact as to each and every element of his cause of action. Summary judgment is therefore necessary and proper.

ARMSTRONG TEASDALE LLP


By: ___*/s/ Corey A.-T. Stegeman*___
    Matthew J. Reh        #49418
    Corey A.-T. Stegeman   #66828
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    mreh@atllp.com
    cstegeman@atllp.com

ATTORNEYS FOR DEFENDANT QUIKTRIP
CORPORATION

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th of March, 2022, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

/s/ Corey A.-T. Stegeman
Attorney for Defendant