IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICK A. FOGERTY, )
)
Plaintiff, )   Case No. 4:21-cv-00060-HEA
)
vs. )
)
QUIKTRIP CORPORATION, )
)
Defendant. )

## PLAINTIFF PATRICK A. FOGERTY'S
## RESPONSE TO STATEMENT OF MATERIAL FACTS

Comes now Plaintiff Patrick A. Fogerty, by and through his Attorney Robert J. Radice, and for his Response to Statement of Material Facts, states as follows:

1.     Plaintiff alleges that he slipped and fell (the "Incident") at a QT store (the "QT Store") located at 4450 Meramec Bottom Road in St. Louis, Missouri on September 2, 2020 at 12:51 p.m.

**RESPONSE:**

Admitted.

2.     Plaintiff exited a car at the QT store prior to the Incident and saw water on the sidewalk, which is depicted in the photo marked as Exhibit B at Plaintiff's Deposition.

**RESPONSE:**

Plaintiff denies that he testified that he saw water immediately upon exiting his vehicle at the QT store, but otherwise admits the matters set forth in ¶ 2.

3.     Plaintiff walked across the sidewalk slowly.

1

**RESPONSE:**

Plaintiff admits that on p. 44, ln. 8-10, he testified in his deposition as follows: "when I got out of the car I saw water there.  And when I went to the door I was extremely slow."

4.      Plaintiff used extra caution while walking on the sidewalk because he noticed the ground was wet and he knew that wet surfaces could cause him to lose his balance.

**RESPONSE:**

Plaintiff admits that he testified in his deposition on p. 48, ln. 7-13:

> Q.      Generally speaking, you know that kind of wet surfaces – you mentioned you like to be – you were using extra caution because you noticed it was wet?
> A.      Yes.
> Q.      Is that because you know that wet surfaces can cause you to lose your balance?
> A.      Sure.  I mean, let's day – like when I worked at …

5.      Plaintiff looked down at the ground as he was walking into the QT Store.

**RESPONSE:**

Plaintiff admits that he testified in his deposition that he looked down at the ground as he was walking toward the QT store.

6.      When Plaintiff walked into the Store, he noticed an entry mat, which is depicted in the photo marked as Exhibit C at Plaintiff's deposition.

**RESPONSE:**

Plaintiff admits that he noticed an entry mat as he walked into the QT store which is depicted in Exhibit C.

7.      A yellow triangular sign is also depicted in the photo marked as Exhibit C and this sign is directly in the path where Plaintiff was walking into the QT Store.

2

**RESPONSE:**

Plaintiff objects to Defendant's misleading and inappropriate characterizations of Exhibit C and Plaintiff's testimony as set forth in ¶ 7.

8.      When Plaintiff opened the door to the QT Store, he saw the entry mat on the floor was wet.

**RESPONSE:**

Plaintiff admits that he testified that he saw the entry mat on the floor was wet when he opened the door to the QT store.

9.      Before the Incident, Plaintiff noticed liquid on the entry mat and the floor in the QT Store.

**RESPONSE:**

Denied.  A genuine issue of material fact exists as to whether Plaintiff noticed liquid on the floor in the QT store before the incident.  See Plaintiff's Exh. 1, Deposition of Plaintiff, p. 68, ln. 23-25; p. 69, ln. 1; p. 71, ln. 18-22.

10.      Plaintiff walked over the entry mat when he walked into the QT Store.

**RESPONSE:**

Plaintiff admits that he testified in his deposition that he walked over the entry mat when he walked into the QT store.

11.      Before Plaintiff stepped off the entry mat onto the tile portion of the floor, and before Plaintiff fell, there was liquid "kind of everywhere."

**RESPONSE:**

Plaintiff denies that there was water everywhere in the QT store, or at the very least a genuine issue of material fact exists.  Plaintiff objects to Defendant's misleading and inappropriate characterization of Plaintiff's testimony.  Further on p. 71 of Plaintiff's deposition, Plaintiff testified as follows:

> Q.    Do you recall seeing any liquid on the tile floor just past the mat in the location where you indicated that you slipped before you fell?  And if you do not remember seeing it, that's perfectly okay.
> A.    I don't really remember totally exactly that.

(p. 71, ln. 18-22).

12.    As Plaintiff walked across the entry mat inside the QT store, and just as he was stepping off onto the tile portion of the floor, his feet slipped.

**RESPONSE:**

Plaintiff admits that he testified that he stepped off the entry mat at the QT store and onto the tile floor when he slipped and fell.

Robert J. Radice #30697MO
HORAS, RADICE & ASSOCIATES, LLC
Attorneys for Plaintiff
2123 Marconi Avenue
St. Louis, MO 63110
(314) 241-4505
(314) 241-7779 Fax
bradice@HRmidwestlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 14th day of April 2022 via the Court's ECF filing system upon: Matthew J. Reh, Esq., Corey A.-T. Stegeman, Esq., Armstrong Teasdale LLP, Attorneys for Defendant, 7700 Forsyth Blvd., Ste. 1800, St. Louis, MO 63105, mreh@atllp.com; cstegeman@atllp.com.

4