IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK A. FOGERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:21-cv-00060-HEA |
| | ) | |
| vs. | ) | |
| | ) | |
| QUIKTRIP CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF PATRICK A. FOGERTY'S MEMORANDUM IN OPPOSITION TO
DEFENDANT QUIKTRIP CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Comes now Plaintiff Patrick A. Fogerty, and for his Memorandum in Opposition to Defendant QuikTrip Corporation's ("QuikTrip") Motion for Summary, states as follows:

## I. **INTRODUCTION**

Plaintiff has brought this premises liability/personal injury action against QuikTrip, as a result of a fall at a QuikTrip store on September 2, 2020. Plaintiff has alleged that he was a business invitee, and that QuikTrip created an unsafe condition at the QuikTrip store by power washing the outside of the entrance to the store, thereby causing Plaintiff to slip and fall inside the store. (Plaintiff's Exh. 2, Plaintiff's Amended Complaint, ¶¶ 5 and 9). QuikTrip has filed its summary judgment motion, alleging that Plaintiff knew of the existence of water outside the entrance to the store, and on the floor mat and floor inside the store, and as a result, the water was an open and obvious condition, thereby relieving QuikTrip of a duty of care to Plaintiff.

## II. **STATEMENT OF FACTS**

On September 2, 2020, Plaintiff was a business invitee at a QuikTrip store located in St. Louis County, when he fell inside the store. (Plaintiff's Exh. 1, Deposition of Plaintiff, p. 4,

1

ln. 19-25; p. 50, ln. 6-12). As a result of the fall, Plaintiff sustained serious injuries, including a fracture of his spine, injuries to his right arm and left hip, both of which required surgery, and injury to his back. (Plaintiff's Exh. 2, ¶¶ 7 and 11).

On the day of the fall, Plaintiff and his wife Joyce drove to the QuikTrip store. Joyce drove and parked their vehicle in the handicap parking space, just outside the entrance to the store. Joyce had a handicap placard due to a disability that she suffered from. (Exh. 1, p. 59, ln. 12-25; p. 60, ln. 1-5; see also: Exhibit B to Plaintiff's deposition attached hereto).

The day of the fall was a dry day. It had not rained and the roads and outside surfaces were dry. The sidewalk near the QuikTrip store entrance and parking lot in the area of the handicap parking spot were wet, however, because an employee of QuikTrip had just power washed that area. (Plaintiff's Exh. 3, Deposition of Daniel Sexauer, p. 16, ln. 24-25; p. 17, ln. 1-16; p. 22, ln. 10-25; p. 23, ln. 1-11; Exhibit B; see also: Plaintiff's Exh. 4, Photo of Power Washing by QuikTrip Employee taken from video produced by QuikTrip in discovery).

After Joyce parked the vehicle, Plaintiff exited the vehicle and he noticed that there was water on the parking lot, in that he stepped onto the water when exiting the vehicle. (Exh. 1, p. 60, ln. 3-8). Defendant's Exhibit B from the deposition of Plaintiff actually depicts Plaintiff's vehicle, the water on the parking lot next to the vehicle and on the sidewalk, and also depicts Plaintiff walking toward the store entrance. As Plaintiff walked toward the entrance to the QuikTrip store, he was being cautious due to the water. (Exh. 1, p. 61, ln. 10-15; p. 66, ln. 10-13).

When Plaintiff entered the QuikTrip store, he noticed that the floor mat, which was placed immediately past the entrance, was wet. Because of that, Plaintiff was trying to walk toward the counter located adjacent to the mat. It was Plaintiff's recollection that he most

2

likely wiped his feet on the mat. However, when Plaintiff stepped off the mat and onto the hard tile floor, he immediately slipped and fell backwards, sustaining injuries. (Exh. 1, p. 46, ln. 13-17; p. 62, ln. 10-21; Exh. 3, p. 15, ln. 13-20). Attached is Exhibit A from Plaintiff's deposition, wherein he drew a circle as to where he first stepped onto the hard tile floor and slipped and fell. (Exh. 1, p. 63, ln. 13-20).

During Plaintiff's deposition, defense counsel questioned Plaintiff several times as to whether he saw any water or liquid on the tile floor before he fell. Initially, Plaintiff gave the following testimony:

> Q. To the best of your memory, before you fell, did you notice any liquid or other substance on the floor?
> A. Just – you know, just what was on that carpet and on the tile floor itself. I mean, I couldn't make out water or chemicals or whatever, but I just was – you know, I knew I was just going to proceed with caution getting off the carpet over to the ATM. And then when I stepped with my right foot, that's when it just dumped me.

(Exh. 1, p. 67, ln. 25; p. 68, ln. 1-7). Defense counsel once again asked the same question and the following testimony was given:

> Q. Right. So in that area approximately where you've circled the photograph, do you recall seeing, before you fell, any liquid or substance on that floor?
> A. I don't think so.

(Exh. 1, p. 68, ln. 23-25; p. 69, ln. 1). Defense counsel persisted in this line of questioning:

> Q. Do you recall seeing any liquid on the tile floor just past the mat in the location where you indicated that you slipped before you fell? And if you do not remember seeing it, that's perfectly okay.
> A. I don't really remember totally exactly that.

(Exh. 1, p. 71, ln. 18-22).

QuikTrip's manager on duty that day was Daniel Sexauer, who also witnessed the fall. Mr. Sexauer is depicted on what was marked as Plaintiff's Exhibit 1 to his deposition and attached hereto. Mr. Sexauer testified as follows in response to defense counsel's questioning:

> Q.  You have no recollection independently of seeing any liquid or substance on the floor at that entrance that day; is that correct?
> A.  I do not.

(Exh. 3, p. 54, ln. 3-7; see also Defendant's Exh. C from the deposition of Plaintiff).

## III. ARGUMENT

> Only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law will an entry of summary judgment be upheld. The evidence and all reasonable inferences therefrom are reviewed in the light most favorable to the party against whom judgment was entered. 'Where the record reasonably supports any inference other than those necessary to support a judgment for the movant, a genuine issue of material fact exists and the movant's motion for summary judgment should be overruled.'

*J. M. v. Shell Oil Co.*, 922 S.W.2d 759, 761 (Mo. banc 1996); *Dieterich v. Pickett*, 114 S.W.3d 293, 294 (Mo. App. 2003); *Richardson v. QuikTrip Corp.*, 81 S.W.3d 54, 56 (Mo. App. 2002).

Defendant relies heavily on *Harris v. Niehaus*, 857 S.W.2d 222 (Mo. banc 1993) in support of its summary judgment motion. *Smith v. Wal-Mart Stores, Inc.*, 967 S.W.2d 198 (Mo. App. E.D. 1998) is instructive to the present case, in that it discusses the effect of *Harris* upon business invitee/premises liability causes of action similar to the present case.

In *Smith*, Plaintiff brought a personal injury/premises liability action against Wal-Mart. A jury verdict was rendered in favor of Plaintiff, and Wal-Mart appealed, arguing that Plaintiff failed to make a submissible case because the water upon which Plaintiff slipped was an open and obvious condition. The Missouri Court of Appeals affirmed Plaintiff's judgment,

noting that the legal standard on appeal as to the submissibility of Plaintiff's cause of action is the same as the summary judgment legal standard. *Smith, supra* at 202.

In *Smith*, Plaintiff took her 15-year old son with her to shop at Wal-Mart. When they arrived at the Wal-Mart parking lot there was water throughout the parking lot due to the fact that Wal-Mart had watered its plants and shrubs outside the front of the store. Plaintiff and her son walked carefully through the parking lot. They arrived at the vestibule entrance to the store. Plaintiff's son was able to navigate the vestibule without falling, however, Plaintiff slipped and fell and sustained injuries. Plaintiff indicated that, while on the floor, she first noticed that the floor was wet. *Smith, supra* at 203.

Wal-Mart asserted that the water on the vestibule floor was an open and obvious condition from which it could reasonably rely on Plaintiff to protect herself and, therefore, Wal-Mart was not liable for her injuries. The court first noted the following:

> Generally, the 'duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe.' *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo. App. E.D. 1996). A landowner is liable when his or her 'conduct falls below the applicable standard of care established to protect against unreasonable risk of harm.' *Hellmann v. Droege's Super Market, Inc.*, 943 S.W.2d 655, 658 (Mo. App. E.D. 1997). The applicable standard of care is a question of law for the courts. *Id.* It is a question of fact for the jury to determine whether the landowner fell below that standard of care. *Id.*

*Smith, supra* at 203-204.

The court in *Smith* went on to discuss the significance of *Harris*, stating:

> In Harris v. Niehaus, 857 S.W.2d 222, 226 (Mo. 1993), the Supreme Court adopted sections 343 and 343A(1) of the Restatement (Second) of Torts. Section 343 requires that for a possessor of land to meet the applicable standard of care, the possessor of land must "(1) exercise reasonable care; (2) disclose to the invitee all dangerous conditions which are known to the

5

> possessor and are likely not to be discovered by the invitee; and (3) see that the premises are safe for the reception of a visitor, or at least ascertain the condition of the land, to give such warning that the invitee may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if he does accept it." *Id.* "Under the second element of section 343, when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does not breach the standard of care owed to invitees **'unless the possessor should anticipate the harm despite such knowledge or obviousness.'"** *Id.*

*Smith, supra* at 204 (emphasis added).

In *Smith*, Wal-Mart argued that the water on the parking lot and inside the vestibule were open and obvious, which Plaintiff discovered before she fell. However, the plaintiff testified that she did not see the water in the vestibule before she entered into it. The court first held that it could not find that the water posed a danger so open and obvious as to preclude the submissibility of Plaintiff's case. *Smith, supra* at 204. The court went on to hold the following:

> However, even if the condition was open and obvious, which Defendant asserts, this court's en banc decision in *Hellmann* shows that a court's finding of an open and obvious condition does not end the inquiry. See *Harris*, 857 S.W.2d at 226; *Preston v. Wal-Mart Stores, Inc.*, 923 S.W.2d 426 (Mo. App. W.D. 1996). Instead, there remains a question for the jury whether or not a landowner "should anticipate that the risk of harm exists even if the invitee exercises due care in the face of the open and obvious danger." *Hellmann*, 943 S.W.2d at 659.

*Id.*

The Missouri Supreme Court in *Harris* held that the inquiry of the landowner's duty of care to a business-invitee is two-pronged, stating:

> Quite simply, where the danger is open and obvious as a matter of law **and the risk of harm exists only if the plaintiff fails to exercise due care**, the case is not submissible to the jury –

6

*Harris*, *supra* at 227 (emphasis added).

The court in *Smith* pointed out that in *Hellmann* it was held that the ice on a parking lot was an open and obvious condition, but went on to hold that the defendant still had a duty of care to plaintiff, stating:

> [defendant] had a duty to anticipate that an invitee, even after using such perception and intelligence, might park her vehicle on an icy or patchy space, traverse the parking lot to fulfill her shopping objective, and be harmed while doing so. In other words, the risk of harm existed even if plaintiff exercised due care…

*Id.*; see also *Hellmann*, *supra* at 659; *Cox v. J.C. Penny Co., Inc.*, 741 S.W.2d 28, 30 (Mo. banc 1987).

The court in *Smith* went on to hold that Wal-Mart should have anticipated potential harm to its invitees even if the condition was open and obvious, noting that Wal-Mart knew that the water in the parking lot from the watering of the plants and shrubs by Wal-Mart could be tracked into the vestibule, and holding:

> We find a jury could have found Wal-Mart should have anticipated that, as in *Hellmann*, a reasonable person would take a reasonably anticipated risk of walking across a wet parking lot and enter a wet vestibule for the purpose of obtaining the benefit of shopping at the store.

*Smith*, *supra* at 204-205. In *Hellmann*, the Missouri Court of Appeals, Eastern District, en banc, stated the following with respect to the effect of the ruling in *Harris* and business invitees/premises liability cases, stating:

> Comment F to Section 343A further bolsters our finding by clarifying that a landowner still bears a measure of liability where he should recognize that a person will proceed to encounter an open and obvious hazard because the benefits for the invitee and the property owner make it foreseeable. Put another way, the benefits for the invitee and the owner outweigh the risks presented by the hazard. This is one critical factual

7

> distinction between *Harris* and the instant case. In *Harris*, a car left on an inclined road rolled down the sloped road and into a lake, tragically drowning three children. The Court held that the slope of the road and the incline into a lake was an open and obvious condition. *Harris*, 857 S.W.2d at 227. The Court ruled in favor of the defendants as a matter of law because the actions of the plaintiff were so patently unreasonable and there was no possible benefit to the defendants. In other words, the actions of the plaintiff were not foreseeable to the defendant because the risks of parking on the incline with children in the car outweighed the benefits to be had by doing so. Therefore, the defendants had no duty to anticipate the harm to the plaintiff. In the instant case, there is an open question of fact as to whether a reasonable person would park on an icy store parking lot and take reasonably anticipated risk of walking on ice in order to enjoy the benefit of shopping at Droege's. We repeat, this question of fact is to be left to the jury, unless no reasonable minds could differ on the issue.

*Hellmann, supra* at 659-660.

Further instructive to the present case is *Cox v. J.C. Penny Co., Inc., supra*. In *Cox*, plaintiff tripped and fell over a luggage strap while shopping at a J.C. Penny's store. The trial court refused plaintiff's jury instruction that did not require plaintiff's lack of knowledge of the dangerous condition. The Missouri Supreme Court reversed the verdict in favor of J.C. Penny, finding that *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), did away with the concept of contributory fault, and adopted comparative fault. As a result, lack of knowledge of the dangerous condition is not required to make a submissible case in a business invitee/premises liability case, but rather the issue of plaintiff's knowledge of the dangerous condition is for the jury to consider in determining potential comparative fault.

The facts in the present case are strikingly similar to the facts in *Smith*. In both instances the dangerous condition was created by the defendant. In this case, QuikTrip created the dangerous condition by power washing near the entrance to the store. In *Smith*, Wal-Mart created the dangerous condition by watering plants and shrubs near the entrance

to the store.  In both instances, the plaintiffs were business invitees, patronizing the stores.

In both instances, there was water on the parking lot created by the defendant, and both

plaintiffs stepped onto water in walking to the entrance of the stores.  In both instances, the

plaintiffs were aware of the existence of water, and were trying to be as careful as possible.

In *Smith*, the plaintiff testified that she was unaware of the water on the floor of the vestibule,

and in the present case, Plaintiff's testimony was that he was aware of water on the mat, but

did not know if there was water on the floor before he fell.  Similar to *Smith*, it cannot be said

that the dangerous condition of QuikTrip's floor was open and obvious as a matter of law.

The Missouri Court of Appeals in *Smith v. Callaway Bank*, 359 S.W.3d 545, 547 (Mo. App.

W.D. 2012) notes that:

> Comment b of the Restatement [of Torts], Section 343A(1)
> defines "obvious" as when "both the condition and the risk are
> apparent to and would be recognized by a reasonable man ...
> exercising ordinary perception, intelligence, and judgment."

A genuine issue of fact remains in the present case as to whether the dangerous condition of

QuikTrip's floor and risks associated with the condition were "obvious."

However, as in *Smith* and in *Hellmann*, even if Plaintiff in the present case knew of

the existence of water on the floor before he fell, and even if the dangerous condition was

open and obvious, the inquiry does not end there.  Remaining is the question of fact for the

jury as to whether QuikTrip should have anticipated that a risk of harm was present even if

Plaintiff used reasonable care.  Similar to Wal-Mart in *Smith*, QuikTrip should have

anticipated harm to its business invitees in that the water from the outside power washing

could be tracked into the store.  A jury could reasonably find that QuikTrip should have

anticipated that, as in *Smith* and *Hellmann*, a reasonable person would take a reasonably

anticipated risk of walking across a wet parking lot, wet sidewalk and entering into the store

that may have had water tracked into it, for purposes of obtaining the benefit of shopping at the store.

As was held in *Cox v. J.C. Penny Co., Inc.*, *supra*, lack of knowledge of the dangerous condition is not required to make a submissible case in a business invitee/premises liability cause of action. Rather the issue of plaintiff's knowledge of the dangerous condition is for the jury to consider in determining potential comparative fault.

## IV. CONCLUSION

A genuine issue of material fact exists as to whether the dangerous condition of QuikTrip's floor was open and obvious as a matter of law. Further, even if the dangerous condition of QuikTrip's floor was open and obvious, a genuine issue of material fact exists as to whether QuikTrip should have anticipated that a risk of harm existed even if an business invitee would exercise due care in the face of the open and obvious danger. For the reasons stated above, Plaintiff respectfully requests that this Court deny QuikTrip's motion for summary judgment.

Robert J. Radice #30697MO
HORAS, RADICE & ASSOCIATES, LLC
Attorneys for Plaintiff
2123 Marconi Avenue
St. Louis, MO 63110
(314) 241-4505
(314) 241-7779 Fax
bradice@HRmidwestlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 14th day of April 2022 via the Court's ECF filing system upon: Matthew J. Reh, Esq., Corey A.-T. Stegeman, Esq., Armstrong Teasdale LLP, Attorneys for Defendant, 7700 Forsyth Blvd., Ste. 1800, St. Louis, MO 63105, mreh@atllp.com; cstegeman@atllp.com.