UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK A. FOGERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21CV60 HEA |
| ) | |
| QUIKTRIP CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. No. 32]. Plaintiff filed his response in opposition to the Motion. For the reasons set forth below, the Motion will be denied.

**Facts and Background**

Plaintiff Patrick A. Fogerty filed this personal injury action against Defendant Quiktrip Corporation alleging one count of premises liability (Count I) and one count of negligence (Count II).  Plaintiff contends he slipped and fell inside Defendant's Quiktrip store due to an accumulation of liquid on the floor, and as a result of this fall, he suffered injuries.

Defendant filed the instant motion, claiming it is entitled to summary judgment on both counts of Plaintiff's Amended Complaint because Plaintiff cannot establish the elements of his claims. Defendant filed its Statement of Material Facts, to which Plaintiff responded and noted oppositions. Each party

filed photographs and portions of deposition testimony with their respective memoranda.

The following facts are undisputed:

On September 2, 2020, at approximately 12:51 p.m., Plaintiff slipped and fell inside Defendant's Quiktrip store (the "Quiktrip"), located at 4450 Meramec Bottom Road in St. Louis, Missouri. Plaintiff went to Defendant's store to use the ATM. When Plaintiff arrived at the Quiktrip, he got out of the car and saw the ground outside was wet. Plaintiff used caution as he walked toward the entrance of the Quiktrip. When Plaintiff entered the QuikTrip, he noticed that the floor mat, which was placed immediately past the entrance, was wet. Plaintiff walked over to the entry mat on the floor. Once he stepped off the entry mat and onto the tile floor, he slipped and fell.

## Summary Judgment Standard

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine [dispute] of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable jury to

return a verdict for the non-moving party. *Id*. "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks and citation omitted).

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197 at *3 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates*

3

*v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005).

## Missouri Law Governs

This action was brought pursuant to this Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, accordingly, Missouri State Law applies to the substantive issues. *Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001) (A federal court sitting in diversity jurisdiction must apply the substantive law of the forum state).

Premises Liability

"An invitee enters the premises of another with the consent of the possessor for some purpose of benefit or interest to the possessor, or for the mutual benefit of the invitee and the possessor." *Christian v. St. Francis Med. Ctr*., 536 S.W.3d 356, 358 (Mo. Ct. App. 2017). "Premises liability is triggered when the claimed cause of injury is a dangerous condition of the property on which the injury occurred…" *Pippin v. Hill-Rom Co., Inc.,* 615 F.3d 886, 890 (8th Cir. 2010) (citing *Haney v. Fire Ins. Exch.,* 277 S.W.3d 789, 791 (Mo. Ct. App. 2009)).  The following elements are required under Missouri Law for premises liability: (1) the existence of a dangerous condition on Defendant's premises that was not reasonably safe; (2) Defendant's knowledge of the condition, and/or that Defendant should have been aware of the condition through the exercise of ordinary care; and (3) Defendant failed to, through the use of ordinary care, "remove, remedy, or warn of the dangerous condition." *Christian*, 536 S.W.3d at 358; *Tiger v. Quality Transp., Inc*.,

4

375 S.W3d. 925, 927 (Mo. Ct. App. 2012). As to the third element, Defendant has a duty to warn of a dangerous condition that the invitee is unlikely to discover; however, if the condition at issue is "an open and obvious danger," Defendant is not required to provide a warning unless Defendant could reasonably "anticipate that an invitee will suffer harm despite [his] constructive knowledge of the condition." *Christian*, 536 S.W.3d at 358 (citing *Lacy v. Wright*, 199 S.W.3d 780, 783 (Mo. Ct. App. 2006)). Landowners are entitled to expect that its invitees will "exercise ordinary perception, intelligence and judgment, discover [an] obvious condition, appreciate the risk it presented, and take the minimal steps necessary to avert a tragedy." *Hellmann v. Droege's Super Market,* Inc., 943 S.W.2d 655, 659 (Mo.App.1997). The applicable standard of care is a question of law for the courts. *Id.* at 658. It is a question of fact for the jury to determine whether Defendant fell below that standard of care. *Id.*

## Discussion

Defendant argues it is entitled to summary judgment on both counts of Plaintiff's Amended Complaint because the liquid on the floor was known to Plaintiff and "open and obvious," precluding a finding of a duty owed to him by Defendant. Defendant contends no exception applies to the "open and obvious" standard.

Plaintiff maintains summary judgment is not proper because a genuine issue of material fact exists as to whether the liquid on the Quiktrip's floor was open and

5

obvious. Plaintiff argues even if the liquid was open and obvious, Defendant should have anticipated a risk of harm despite Plaintiff's exercise of ordinary care. The Court agrees.

### Whether the Condition was Known or "Open and Obvious"

In applying the open and obvious exception to premises liability, Missouri courts require only that the dangerous condition be open and obvious so that an invitee would reasonably be expected to realize the danger associated with the condition. *Heffernan v. Reinhold*, 73 S.W.3d 659, 666 (Mo.App.2002).

In his deposition, Plaintiff testified he visited the Quiktrip frequently because it was by his house. On the day of the incident, Plaintiff testified once he was inside the Quiktrip, he stepped on the entry mat, which he could tell was wet. He admitted he saw liquid on the floor in general and probably saw the yellow caution sign on the floor but could not make out exactly where the liquid was. Plaintiff further testified he planned to proceed with caution toward the counter located adjacent to the mat to get to the ATM, but as he stepped off the entry mat with his right foot, he slipped and fell. As depicted in the photograph attached as Plaintiff's Exhibit 7, Plaintiff is standing on or near the entry mat, the counter is to his left, and there is a yellow sign on the floor approximately two full tile spaces away in front of him. Daniel Sexauer, Quiktrip's manager on duty that day, testified he was aware an employee was power washing outside, and it is a task that is completed weekly. The cement outside was wet from the employee power

washing, as depicted in the photograph attached as Plaintiff's Exhibit 6. Manager Sexauer witnessed Plaintiff fall, but he testified that he does not recall seeing any liquid on the floor at the entrance that day.

Plaintiff has introduced evidence that the dangerous condition was not "open and obvious." Plaintiff testified he was not sure where the liquid was on the tile floor, so he proceeded with caution and planned to walk to his left, which is away from the area of the yellow caution sign. The liquid was clear and not something distinguishable. Further, Manager Sexauer, who witnessed Plaintiff fall, does not recall seeing any liquid at all. While Defendant strenuously argues the liquid on the floor was "open and obvious," the record does not so clearly establish this; material disputes remain. *See Lacy,* 199 S.W.3d at 783) (holding that a genuine issue of material fact existed over whether a concrete parking bumper, the same color and composition as the parking lot surface, partially covered with snow, was open and obvious); *see also, Smith v. The Callaway Bank*, 359 S.W.3d 545, 548 (Mo.App.2012) (holding that an issue of fact existed about whether a coin-sized lava rock on a bank's sidewalk was "open and obvious"); and *Robinson v. Safeway Stores Inc.,* 655 S.W.2d 617, 619 (Mo.App.1983) (concluding "it cannot be said as a matter of law that clear water on a light-colored tile floor posed a danger so open and obvious as to preclude submission of plaintiff's case").

<u>Whether Defendant Should Have Anticipated the Harm</u>

Even if the liquid on the tile floor here was open and obvious, the inquiry does not end there. Defendant is not relieved of its duty to provide a warning if it could "reasonably anticipate that [Plaintiff would] suffer harm despite [his] constructive knowledge of the condition." *Christian*, 536 S.W.3d at 358 (trial court erred in granting summary judgment; genuine issue of material fact existed as to whether a curb, which was similar in color to the driveway, in the hospital drop-off area was so open and obvious that hospital could have reasonably relied on invitee to see and appreciate risk of danger).

There is evidence that supports Defendant should have anticipated harm to its invitees. Defendant was aware the floor was wet because its own employee was power washing the business outside, creating excess water, and there was a yellow caution sign placed inside on the tile floor. Moreover, Defendant should have known the overflow of water from the power washing outside could be tracked inside the entrance of the Quiktrip. Plaintiff has also introduced evidence that a risk of harm existed even though Plaintiff exercised due care by proceeding with caution, as it is unlikely an invitee would opt to not enter a store because of a wet floor, especially one he visits frequently. These disputes cannot be resolved on the record before the Court. There remains a question for the jury whether or not Defendant "should anticipate that the risk of harm exists even if the invitee exercises due care in the face of the open and obvious danger." *Hellmann*, 943 S.W.2d at 659 (holding that the icy patches Plaintiff fell on in parking lot were

8

open and obvious, but Defendant had a duty to anticipate that the advantage of fulfilling her shopping objective outweighed the risk of the ice, and she might be harmed in the process).

## Conclusion

Under the circumstances present here, the Court is unable to determine as a matter of law that the liquid on the Quiktrip's floor, which Plaintiff fell on, is an open and obvious condition that Defendant could reasonably rely on an invitee to see and appreciate the risk of danger. Genuine issues of material fact remain in dispute and must be resolved by the trier of fact. Therefore, Defendant is not entitled to summary judgment on Counts I and II of Plaintiff's Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 32] **DENIED**.

Dated this 4th day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE